Insurance Lawsuit

7/5/17, 1:48 PM

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2017 JUL 11 P 2: 40

DEPUTY CLERK

| | | |
|---|---|---|
| **SAMANTHA CARTER** | § | |
| Plaintiff, | § | No. |
| **v.** | § | |
| | § | |
| **TRAVELERS INDEMNITY,** | § | **8-17CV1816-B** |
| A Connecticut Corporation | § | |
| **TRAVELERS LLOYD** | § | |
| **INSURANCE** | § | |
| **COMPANY,** A Texas Corporation | § | |
| **FIREMAN'S FUND,** | § | |
| A California Corporation | § | |
| **ALLIANZ GLOBAL AND** | § | |
| **SPECIALITY** | § | |
| **NORTH AMERICAN SPECIALITY** | § | |
| **INSURANCE COMPANY,** | § | |
| A New Hampshire Corporation | § | |
| **NATIONWIDE E & S/SPECIALITY** | § | |
| **FKA/ SCOTTSDALE INSURANCE,** | § | |
| A Arizona Corporation | § | |
| Defendants. | § | |

## PETITION FOR WRONGFUL REFUSAL TO SETTLE, NEGLIGENCE AND INFLICTION OF EMOTIONAL DISTRESS, DECLARATORY JUDGEMENT

Plaintiff, Samantha Carter, Pro Per, hereby files this Petition Pursuant to 28 USC § 2001,

within it contains an Instant Proposed Findings of Fact and Preponderance of Evidence and

Conclusion of Law Pursuant to FRCP 301 [Presumptions in Civil Liability] and Pursuant to 28

USC § 1963 with Attached Discovery Request for Interrogatories, Admission and Request for

claims arising out of this matter:

## I.

## JURISDICTION AND VENUE

1.    The Court is vested with jurisdiction over all of the Defendants because the

Defendants conduct business in various markets of the United States of America.

2.      Pursuant to Title 28 USC §1332 (3) (a) Diversity of citizenship, venue is proper because

the citizens are of different states and the matter in controversy exceeds the sum or value of

$75,000 not including cost or interest.

3.      Pursuant to Title 28 USC §1331 Federal question, venue is proper and district courts

shall have original jurisdiction of all civil actions arising under the Constitution, laws, or

treaties of the United States.

4.      Pursuant to 28 USC §1391(a), venue is proper because this action is being brought

where the defendants, have corporations, is subject to personal jurisdiction and is therefore

deemed to reside in addition; Pursuant to 28 USC §1391(c), and where a substantial part of the

events or omissions giving rise to the claim occurred.

## II.

## PARTIES

5.      At all relevant times to enter into Federal Court Samantha Carter is a citizen of the United

States of America.

6.      Travelers Lloyd of Texas Insurance Company is organized under the laws of the State of

Texas conducting business throughout various markets in the United States of America. The

Registered Agent to be served is Corporation Service Company located 211 East 7th Street, Suite

620 Austin, Texas 78701 and can conduct service **and/or** per the Defendants insurance policy,

the Attorney-in-Fact Bruce Allen Backberg can also receive service of process at 1301 East

Collins Blvd., Suite 320 Richardson, Texas 75081 and can conduct service.

7.      Travelers Indemnity Company is organized under the State of Connecticut conducting

business throughout various markets in the United States of America. The Registered Agent to

be served is Corporation Service Company located at 211 East 7th Street, Suite 620 Austin,

Texas 78701 **and/or** Attorney-in-Fact Bruce Allen Backberg located at 1301 East Collins Blvd.,

Suite 320 Richardson, Texas 75081 and can conduct service.

8.     Fireman's Fund Insurance Company is organized under the laws of the State of California

and a registered Foreign Entity in Texas conducting business throughout various markets in the

United States of America. The Registered Agent to be served is C T Corporation located at 1999

Bryan Street, Suite 900 Dallas, Texas 75201 and can conduct service.

9.     Allianz Global Corporate and Speciality is not licensed in Texas and is a Surplus-Line

Agency conducting business globally, according to the Registered Agent Commissioner of

Insurance located at 333 Guadalupe Austin, Texas 78701 and can conduct service.

10.    North American Speciality Insurance Company is organized under the laws of the State

of New Hampshire and conducts business throughout various markets in the United States of

America. The Registered Agent to be served is CT Corporation located at 1999 Bryan Street,

Suite 900 Dallas, Texas 75201 and can conduct service.

10.    Scottsdale Insurance Company is a corporation established in the State of Arizona

conducting business at 8877 N. Gainey Center Dr. Scottsdale, AZ 85258. Registered Agent to be

served is R. Lindsey McCutchan at 8877 N. Gainey Center Dr. Scottsdale, AZ 85258 and can

conduct service.

11.    Nationwide E & S/Speciality is a corporation established in the State of Ohio

conducting business at 8877 N. Gainey Center Dr. Scottsdale, AZ 85258. Registered Agent to be

served is R. Lindsey McCutchan at 8877 N. Gainey Center Dr. Scottsdale, AZ 85258 and can

conduct service.

### III.

### FINDINGS OF FACT

12.    This claim arises out of the delay tactics of the Insurance Companies to enact their

Fiduciary and Stower's duty to settle a claim from an incident that occurred on October 20,

2012; In which both of their Insured's have admitted that they were responsible for setting

Plaintiff Samantha Carter on fire by a Butane Explosion, disfiguring her, and watched the

Plaintiff suffer for 2-3 hours without calling 9-1-1, post explosion. Pure negligence was the cause

of the butane explosion caused by the all of the Insured's *see Carter vs. H2R Restaurant*

*Holding, LLC No. 3:16 CV 01554 N BN (N.D. Tex. Oct. 17, 2014); Rosenthal v. U.S.; Civil*

*Action NO 3:03-CV-0822-N., (N.D. Tex. Apr. 20, 2005).*

**13.**      The Travelers Insurance Company sent a letter to Samantha Carter on April 13, 2017

informing her that they are working on a resolution for the Federal and a State Case connected to

Claim EVG 5521 *see* **Exhibit D**. On June 12, 2017; Plaintiff was asked to select a mediator and

after Plaintiff selected the Mediator the insurance company informed that Mediator that their cost

were exceedingly higher than normal for their mediation budget and canceled the Mediator

without informing Plaintiff. The letter also stated that the insurance company has informed

Plaintiff in the past that they are ready and willing to settle her claims; However the company

was not ever able to produce any offers to settle, since the federal case was filed on October 17,

2014.

**14.**      The insurance company dismissed the mediator and did not inform Plaintiff that the

Mediation was deselected until Plaintiff wrote a Pre Suit Notice and sent the notice via email on

Friday June 23, 2017. A Travelers Insurance Rep called the Plaintiff after receiving the letter

later on that Friday, June 23, 2017 and stated that the insurance company is not using a delay

tactic to prolong the matter but Intervenors from the State Case have requested to be

compensated from Plaintiff's Federal Case as well as the State Case. The rep stated that

Intervenors were attempting to, "double-dip,".

**15.**      The Travelers Insurance Rep stated that she could not figure out a way to make the

Intervenors from the State case, talk to her about their demands and that the Intervenors which

are all attorneys are refusing to talk to her and are rejecting an offer to settle their claims. The

Travelers Rep stated that she needed help from Fireman's Fund to enforce the Intervenors to

communicate and informed Plaintiff she was working diligently on the claim and was going to

call Fireman's Fund for help to resolve the matter.

16.     Upon Discovery on June 27, 2017 Plaintiff Samantha Carter discovered that the State

Case DC 1214879 was Non-Suited by a former state case attorney and that the State case Judge

Ordered and Signed a Modified Non-Suit on June 2, 2014 *see* **Exhibit E**. The Non-Suited State

Case was never refiled and therefore is no longer a viable claim to prevent anything.

Furthermore, the insurance company has no excuse to delay a settlement offer to Plaintiff.

Plaintiff's Federal Case 3:16 CV 01554 N BN is open and currently in Pre-Discovery. Neither

defendant has actually offered Plaintiff, a written settlement offer since October 17, 2014, since

the federal case was filed and only are attempting to appear that they working on the claim.

17.     Plaintiff responded via email to the insurance company on June 28, 2017, after her

discovery that the State Case was Non-Suited and informed the insurance company that they

have no obstacles in settling with her based on claims from a dead case. If they wanted to settle

with Plaintiff there is nothing preventing them from doing so. The defendants are simply just

watching years go by, hoping that Plaintiff Carter will simply, just go away.

18. During the course of this claim Travelers Insurance has evaded service or process for

subpoena's for information by providing irrelevant and unrequested documents that the subpoena

did not request and by refusing to provide the subpoena'd request.

## IV.

## CONCLUSIONS OF LAW

### "STOWER'S DUTY STANDARD"

19.     "Stower's duty," is the only tort duty, the insurer must comply with. The duty of good

faith in handling insurance claims does not apply. See Maryland Ins Co. v. Head Industrial

Coatings and Services, Inc., 938 S.W. 2d 27, 28 (Tex. 1996).

20.     The Texas Supreme Court has resolved the dilemma in regards to claims by multiple

plaintiffs and lien holders. An insurer is allowed to fulfill its, "Stower's duty," to its insured by

settling with one claimant, even though the result is to leave the insured exposed to another

claim. See Texas Farmers Insurance Co. v. Soriano, 881 S. W. 2d 312. 315. If there were

Intervenors in another matter, that still would not present difficulty in settling with the injured

claimant.

Traveler's Insurance policies are of little utility when the insurance company refuses to settle

within its policy limits.

**21.**      The companies as comrades have refused to settle but have a duty to indemnify, *see*

Ohio Das. V. T.W.E. Court of Appeals of Texas, Fifth District, Dallas. 244 S.W.3d 885 (Tex.

App.2008) and also *see Travelers Insurance Policy* **Exhibits F and** *Scottsdale Insurance Policy*

**Exhibit G**; Which states within their own policies that they have a duty to indemnify. Texas

courts have also held that an insurer is free to favor a claim by one claimant over another

claimant in pursuit of this duty. Defendants have stated that they will not settle with Plaintiff at

all due to the potential claims of attorneys in a State Case DC 12-14879 that has been abandoned

in hopes that Plaintiff would dismiss the active federal case 3:16 CV-1554-N-BN for her claim,

however State Case DC 12-14879, is non-suited.

**V.**

**LEGAL STANDARD AND NEGLIGENCE**

**22.**      All Defendants actions, "Surround the Denial of, "Fiduciary and Stower's Duty." This is

not *negligent insurance claims handling* which is something that Texas does to recognize as a

case for action. **The act of the defendants is a purely dilatory movement to escape**

**compensation to claimant, indefinably.** In Texas, a negligence cause of action has three

elements: 1) a legal duty; 2) breach of that duty; and 3) damages proximately resulting from the

breach *see* Van Horn v. Chambers, 970 S.W. 2d 542, 544 (Tex.1998).

Insurance Lawsuit

**23.**     The defendants cannot establish any cause of action by claiming that they are hindered from settling with the actual injured Plaintiff because of Intervenors in a Non-Suited State Case. The Insurance Company's Duty to Defend is the single most important aspect of a liability policy. The defendants role cannot be understated and they have a greater influence than their insured to settle and negotiate. The duty to defend is a contractual obligation, *see* Farmers Tex. County Mut. Ins. Co. v. Griffin, 955 S.W.2d 81 (Tex. 1997); Houston Petroleum v. Highlands Ins. Co., 830 S.W.2d 153, 155 (Tex. App.-Houston [1st Dist.] 1990, writ denied].

**24.**     Since Texas does not recognize a statutory duty to defend, when there is no provision in the policy;The duty to defend is contractual in nature regardless of the layers of excess and umbrella coverage, therefore Fireman's Fund and North American Speciality Insurance Company also has a duty to defend. **Only two documents are relevant to the duty to defend analysis: (i) the insurance policy; and (ii) the pleading of the third- party claimant** *see* King 85 S.W:3d at 187.

**25.**     Plaintiff has outlined the burden of proof to show that a claim against the policy is within the scope of coverage, under the policy *see* United Nat'l Ins. Co. v. Hydro Tank, Inc., 497 F.3d 445, 448 (5th Cir. 2007); Harken Exploration Co. v. Sphere Drake Ins. PLC, 261 F.3d 466, 471 (5th Cir. 2001); **The Defendants [Insurance Companies] have breached the Duty of Prudence.** Although it is common that In fact, "[a]n insurer is not obligated to pay a liability claim until [the] insured has been adjudicated to be legally responsible; However in the claims on file the all Insured's have completed admitted liability.

**26.**     Under Texas law, an Insurer can be liable for negligently failing to settle a claim within policy limits. See Texas Farmers Ins. Co. v. Soriano, 881 S.W.2d 312, 315 (Tex. 1994). As a result, Texas law requires that an insurer, "exercise 'that degree of care and diligence which an ordinarily prudent person with strong character would exercise in the management of his own

business' in responding to settlement demands, within policy limits" ; *See also* Travelers

Indemnity Co. v. Citgo Petroleum Corp., 166 F.3d 761, 764 (5th Cir. 1999) ("Under Texas law,

an Insurer defending its insured on a covered claim owes that insured, a tort law duty to accept a

reasonable settlement offer within policy limits, rather than unreasonably risk an adverse

judgement substantially over the policy limits .

27.     Under Stower's, an insurer, defending an insured in a lawsuit on a covered claim, when

faced with a settlement offer within policy limits, must accept the offer on behalf of its insurer

when an ordinarily prudent insurer would do so, in light of the reasonably apparent likelihood

and degree of that insured's potential exposure to a valid judgment in suit in excess of policy

limits *see* American Physicians Insurance Exchange v. Garcia, 876 S.W.2d 842, 848-49 (Tex.

1994).

28.     The "Stower's Duty," is activated by a settlement demand when three prerequisites are

met: (1) the claim against the insured is within the scope of coverage, (2) the demand is within

the policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer

would accept it, considering the likelihood and degree of bankruptcy and the insured's potential

exposure to an excess judgment." American Physicians Insurance Exchange v. Garcia, 876 S.W.

2d 842, 848-49 (Tex. 1994). Additionally, the demand must propose to release the insured fully

in exchange for a sum certain within policy limits or for the policy's entire limits.

## VI.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

29.     Plaintiff Samantha Carter alleges facts showing the relationship of parties, giving rise to

defendant's duty to exercise due care towards Plaintiff and claims that arise out of defendant's

breach of duty. Defendants Travelers Lloyd, Travelers Indemnity, Fireman's Fund and Alliance

Global and Speciality, Nationwide E &S/Speciality FKA Scottsdale Insurance Company knew or

should have known; That failure to exercise due care in the performance of executing its duties

as the Insurer and pretending that there are obstacles in the way that prevents Plaintiff Samantha

Carter from receiving compensation caused Plaintiff Samantha Carter severe emotional distress.

As was emotional distress also identified by their Claims Manager when speaking to the Plaintiff

on June 23, 2017, stating that, "The company was well aware of the Plaintiff's emotional

distresses, well aware." Plaintiff allege's defendant's act or omission to act constituted breach of

duty and as a proximate result of defendant's failure to act, has caused Plaintiff prolonged

distress and emotional hemorrhaging.

## VII.

## NO OFFERS TO SETTLE

"PLAINTIFF HAS NEVER RECEIVED A WRITTEN SETTLEMENT OFFER"

### A. Violations of the Texas Insurance Code

**30.**   All of the Defendants violations of the Texas insurance code has also become reasonably

clear under Texas Insurance Code 541 & 542. Under this lawsuit according to the Texas

Insurance Code, Plaintiff may obtain (a) The amount of actual damages, plus interest thereon at

the rate of eighteen percent (18%) per annum and (b) The Defendants knowingly committed acts

complained of .

**31.**   All Defendants have violated the aforementioned provisions and engaged in unfair

practices of settlement by (a) Unreasonably delaying any offers of settlement and (b) not

bothering to offer a settlement.

**32.**   All Defendants have participated in an, "unfair claim settlement practice," and violation of

Chapter 542 for (a) Not attempting in good faith to effectuate a prompt, fair and equitable

settlement of claims submitted in which liability has become reasonably clear.

**33.**   There have been no actual numerical offers to satisfy the Plaintiff 's claim by either

insurance companies since October 17, 2014. The companies cost-analysis is not a burden to

them considering Defendants Travelers and Fireman's Fund and North American have never

bothered to hire counsel to defend the claim and Defendants Nationwide E & S/Speciality FKA

Scottsdale Insurance Company has hired counsel and stated that the counsel should offer

settlement to Plaintiff Carter and they do not understand why the counsel that they hired, has not

attempted to close out the claim; Yet the company is not enforcing such matters. The insurance

companies have stated that their first duty is to the insured whom does not want to settle the

claim at all but has admitted liability. Therefore, even if the insured does not want to settle and

may never want to settle; The insurance company is obligated to, as a matter of the laws

proposed in this lawsuit.

**34.**   Nationwide E & S/Speciality has a Prompt Payment of Claims Section that guarantees, that

they will do everything in accordance with their company by-laws and laws of the State to insure

a closure to all claims. Yet in this claim, they just pretend that it does not exist, they have

pretended that although they acknowledged the claim that they do not have to pay attention to the

claims and have therefore failed their own internal policies by not offering diligence of

procedures in reference to Plaintiff's claims.

## VIII.

## PREPONDERANCE OF EVIDENCE

### "LIABILITY IS CLEAR AND HAS BEEN ADMITTED"

**35.**   The facts that are underlining for this claim do not put Plaintiff's claims outside of

coverage. There is no inability of Plaintiff to establish an actual cause of action. **The evidence is**

**so clear that no hearing is needed to rule of this matter.** Travelers, Fireman's Fund and North

American's Insured has admitted liability and Nationwide E & S/Speciality Insured has admitted

liability *see* **Exhibit H and Exhibit D.**

**36.**   Nationwide E & S/Speciality's Insurer covered a majority of Plaintiff's medical bills,

Nationwide E & S/Speciality has acknowledged this claim. An insurance claims rep from

Nationwide E & S/Speciality stated that the Insurer is liable and does not know why the attorney

that they have hired to represent the claim has not offered settlement yet; Another excuse from

the fiduciary responsible party who is the influencer of the decisions that their attorneys make

*see* District Court of Appeal of Florida, First District. 470 So.2d 810 (Fla. Dist. Ct. App. 1985)

Baron Oil Co. V. Nationwide Mut. Fire; U.S.D.C. Civ. Act. No. 3:16 CV 2290 B (N.D. Tex. Nov

17, 2016) KBC Sienna LLC V. Nationwide Prop. & Das. Ins. Co; U.S.D.C  No.4:15-CV-135-Y;

(N.D. Tex. Jul. 20, 2016) Laney Chiropractic V. Nationwide Mut. Ins. Co.

## IX.

## DAMAGES

### "DAMAGES PLAINTIFF SOUGHT"

*(Under Tex. Ins. Code Sec. 542.004 Examinations of Tax Returns are Prohibited for*

*comparison to see what an injured person should be compensated.)*

a) Pursuant to 26 USC§ 104 "Economic Loss," for  Loss of Opportunities in the future and

Loss of Opportunities in the past.

b) Pursuant to 26 USC§ 104 "Non-Economic Loss," for both defendants employees

allowing Plaintiff to suffer in pain for 2 to 4 hours while denying her professional

medical aide.

c) Pursuant 26 USC§ 104 "Non-Economic Loss," for Shock and Mental Anguish in the

past.

d) Pursuant 26 USC§ 104 "Non-Economic Loss," for Shock and Mental Anguish in the

future.

e) Pursuant to pursuant to 26 USC§ 104  "Non-Economic Loss," for 2 to 4 hours of

damages for suffering.

f) Pursuant to 26 USC§ 104 "Non-Economic Loss," for enduring 1-2 hours of agony in

wound care daily for 12 days in the burn unit where a human Bristol pad is used to scrub

bare human flesh and bone.

g)    Pursuant to 26 USC§ 104 "Non-Economic Loss," for Disfigurement in the past and, in all

reasonable probability, future disfigurement.

h)    Pursuant to 26 USC§ 104 "Non-Economic Loss," for Physical Impairment in the past

'and, in all reasonable probability, future physical impairment.

i)    Pursuant to 26 USC§ 104 "Treble Damages," from all Defendants.

j)    Pursuant to 26 USC§ 104 "Non-Economic Loss," for Loss of Consortium in the past,

including damages to the family relationship, loss of care, comfort, solace,

companionship, protection, services, and/or physical relations

k)    Pursuant to 20 USC § 6733  "Non-Economic Loss," for Loss of Conjugal Fellowship.

l)    Pursuant to 20 USC § 6733  "Non-Economic Loss," for Hedonic damages in the past.

m)    Pursuant to 20 USC § 6733  "Non-Economic Loss," for Hedonic damages in the future.

n)    Pursuant to 26 USC§ 104 "Actual and Compensatory Damages," in excess to make her

whole.

o)    As a further proximate result of all of the defendants failure to offer any settlement in

federal case 3:16 CV 01554 N BN by pretending to want to settle and using dilatory

tactics to avoid settlement along with refusing to present any offers whatsoever; The

consequences proximately caused by it, as hereinabove alleged that plaintiff suffered

severe emotional distress and mental suffering. All of this should be included in total

damages.

## X.

## TENDER ALL POLICY LIMITS
### "From All Defendants"

### A. Breach of Duty of Good Faith and Fair Dealings

**37.**     All of the Defendants failed to simply enact their own policy obligations. Plaintiffs' pre

and post sufferings resulted from the Insurer's negligence and inconsistent duty of obligation

which entitles Plaintiff to exemplary damages under Texas Civil Practice and Remedies Code

section 41.003(a). ; see *SunBridge Healthcare Corp. v. Penny, 160 S.W. 3d 230,246 (Tex.App-*

*Texarkana 2005, no pet.).* See ***Exhibit F***, *"H2R Restaurant Holdings, LLC Policy Commercial*

*Liability Policy,"* ***Exhibit G***, *"Trinity Event Staffing's Liability Insurance Policy,"* ***Exhibit D***,

*"Letter from Travelers Insurance Company pretending to want to resolve matter,"* ***Exhibit I***,

*"Letter from Nationwide Insurance Attorney attempting to prevent this lawsuit."*

### B. Plaintiff has a right to be compensated under all Insurance Policies

**38.**     Under the defendants, <u>Traveler's Companies Insurance</u> Commercial Policy, the insurance

company states that it will defend the insured by hiring counsel to investigate the claims and/or

offer settlement to settle claims against the Insured; However, Travelers Insurance has not hired

any counsel to look into this claim since the date of the claim. Plaintiff Samantha Carter is

allowed to be fully compensated under the policy per the Amendment of Coverage B Personal

and Advertising Injury Liability *see* **Exhibit F.** Travelers has a clause for discrimination non

coverage. This clause does not exclude Plaintiff from being covered for her injuries.

**39.**     Under the defendants, Scottsdale Insurance Commercial Policy,

## XI.

## DECLARATORY JUDGEMENT

**40.**     Plaintiff request declaratory judgement against all defendants. Travelers companies have

only pretended to be involved in the claim with no real effort. Travelers companies also claim

that Fireman's Fund is the company at issue with offering a settlement and not them. However

neither defendants have ever offered a settlement to Plaintiff in good faith since the filing of

Federal Case 3:16 CV 01554 N BN. This Court has authority to enter Judgement under 28 USC

§ 1963 *see* ITT Indus. Credit Co. v. Lawco Energy, Inc., 86 F.R.D. 708, 711 (S.D.W. Va. 1980).

## XII.

## JURY DEMAND

**41.** Plaintiff request trial by court which grants and guarantees the right that civil cases be tried

in accordance with F.R.Civ P. 39 without waiving the right to amend, a trial by jury.

## XIII.

## PRAYER FOR RELIEF

**42.** There was a duty for their Insured to act and just as the Insured has not acted in any

attempts to settle in Federal Case 3:16 CV 01554 N BN, neither has the Insurer. The Insurer has

provided no proper considerations and is not protecting the insured from sudden loss by having

an open liability claim, for half a decade and the injured party has not been able to restore her life

since this injury. This gives cause of action for the claim of wrongful refusal to settle. The

Insured of all defendants have admitted to complete liability since the date of the injury;

Therefore the injured party can indeed sue the insurer directly *see* Travelers Indemnity Co. V.

Citgo Pertoleum. Quantum Evidence has already proven the claims, in addition to liability

admitted by Defendants Insured. The Insurer does not breach any duty by settling claims without

an Insurers consent *see* Am. W. Door & Trim v. Arch Speciality Ins. Co., 2015 U.S. Dist. LEXIS

34589 (C.D. Cal. Mar 18, 2015). The Plaintiff now prays that the court order Travelers Lloyd

and Travelers Indemnity, Fireman's Fund, North American Speciality and Nationwide E & S/

Speciality FKA Scottsdale Insurance Company tender all policy limits to Plaintiff.

Date: July 8th, 2017

Respectfully Submitted,


s/<u>Samantha Carter</u>
Samantha Carter, Pro Per

c/o  Living Trust of Princess Izzaura
P. O . BOX 1960
PMB 13439
Wilmington, DE 19899
plaintiffcarter@outlook.com

## CERTIFICATE OF SERVICE

This is to certify that on the 8th of JULY, 2017, I filed a true and correct copy of the

above and foregoing  PETITION FOR WRONGFUL REFUSAL TO SETTLE, NEGLIGENCE,

INFLICTION OF EMOTIONAL DISTRESS and DECLARATORY JUDGEMENT with the

Clerk of the Court and served upon the parties of record using the CM/ECF system that will

automatically send electronic mail notification of such filing to the CM/ECF registered

participants as identified on the Electronic Mail Notice List and mailed to Defendants to the

addresses below.

s/Samantha Carter
Samantha Carter, Pro Per

## "EXHIBIT A"
## PLAINTIFFS' FIRST SET OF INTERROGATORIES

### FOR ALL DEFENDANTS

1. Please identify by name, title, and insurance adjuster's license (if applicable) with the Texas Department of Insurance, the following individuals:

    .   (a) All persons answering, assisting with, or providing information to be used for answering, these Interrogatories (including the person whose name is subscribed to the oath / verification to the answers).

    .   (b) All claims adjusters, claims handlers, supervisors, or any other such individuals involved with Defendant's handling of Plaintiffs' underinsured motorist bodily injury Claim No. 00512018200, EVG5521, EP12000368 or 01464113.

**ANSWER:**

2. Please state with particularity all reasons, bases, and justifications for Defendant's failure to pay the policy limits of Plaintiffs' underinsured motorist bodily injury Claim No. 00512018200, EVG5521, EP12000368 or 01464113. See Tex. R. Civ. P. 192.3(j).

**ANSWER:**

3. Please identify with particularity all credits, off-sets, or discounts (if applicable) that Defendant is claiming with regards to Plaintiffs' personal injury protection (PIP) benefits, health insurance benefits, or any other such source of recovery or insurance for Plaintiffs' damages in this matter. See Tex. R. Civ. P. 192.3(j).

**ANSWER:**

4. If Defendant is contending that either (or both) the other insurance company is completely contributorily or comparatively negligent with respect to the accident made the basis of this claim, please describe in full the factual bases (including identification of documents and witnesses, if any) for the contention that the other insurance company(s) is negligent. See Tex. R. Civ. P. 192.3(j).

**ANSWER:**

5. If Defendant is contending that the accident made the basis of this claim was an unavoidable accident, or the result of a sudden emergency, please describe in full the factual bases (including identification of documents and witnesses, if any) for such contention. See Tex. R. Civ. P. 192.3(j).

**ANSWER:**

6. If Defendant is contending that any of the medical treatment submitted in support of Plaintiffs' bodily injury Claim No. 00512018200, EVG5521, EP12000368 or 01464113 was not necessary, please describe in full the factual bases (including identification of documents and witnesses, if any) for such contention. See Tex. R. Civ. P. 192.3(j).

**ANSWER:**

7. If Defendant is contending that any of the charges for medical treatment submitted in support of Plaintiffs' bodily injury Claim No. 00512018200, EVG5521, EP12000368 or 01464113were not reasonable, please describe in full the factual bases (including identification of documents and witnesses, if any) for such contention. See Tex. R. Civ. P. 192.3(j).

**ANSWER:**

8. If Defendant is claiming that any part of the entire file pertaining to Plaintiffs' bodily injury claim is subject to work-product privilege, then please identify the name of the person(s) that participated in, provided advice or counsel, or otherwise assisted in the process of evaluating Plaintiffs' claim.

**ANSWER:**

9. For each person listed in the answer to Interrogatory No. 8, please provide the date upon which that person first became involved in providing advice, counsel, or assistance in the evaluation of Plaintiffs' claim, as well as the general type of advice, counsel, or assistance that the person provided. This Interrogatory, of course, does not call for the disclosure of any communications between that person and any other employee of Defendant involved in the evaluation of Plaintiffs' claim.

**ANSWER:**

10. For each attorney or person listed in the answer to Interrogatory No. 8, please state whether that attorney is serving as defense counsel, or serving on the team of defense counsel, for the

defense of this lawsuit.

**ANSWER:**

11. Please state the date upon which Defendant is claiming it anticipated lawsuit in this matter.

**ANSWER:**

## "EXHIBIT B"
## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS

### FOR ALL DEFENDANTS

1. The Insured's had a policy of commercial liability insurance coverage with Defendants as of the date of the accident made the basis of this lawsuit.

**ADMIT:** _____ **DENY:** _____

2. Plaintiff injuries can be covered under the insurance coverage with Defendants that include bodily injury coverage.

**ADMIT:** _____ **DENY:** _____

3. Plaintiff is entitled to bodily injury coverage beyond the amount of $11.1 million with Travelers Lloyd of Texas, Travelers Indemnity Company and North American Speciality Insurance Company as of the date of the accident made the basis of this lawsuit.

**ADMIT:** _____ **DENY:** _____

4. Plaintiff is entitled to bodily injury coverage of up to the amount of $2 million with Nationwide E &S/Speciality FKA Scottsdale Insurance Company as of the date of the accident made the basis of this lawsuit.

**ADMIT:** _____ **DENY:** _____

4. All of the Insurers Commercial Liability and/or Employers Liability Bodily Injury insurance coverage with Defendants was in full force and effect as of the date of the accident made the basis of this lawsuit.

**ADMIT:** _____ **DENY:** _____

5. Insurers were current in paying their premiums for Commercial Liability and/or Employers Liability Bodily Injury insurance coverage with Defendants as of the date of the accident made the basis of this lawsuit.

**ADMIT:** _____ **DENY:** _____

6. Plaintiff sent written demand for injury (Claim No. EVG 5512) dated April 17, 2017 to Travelers Companies and October 4, 2013 to Fidelity Security Life Insurance Services for

Insurers.

**ADMIT:** _____ **DENY:** _____

**7.** Plaintiff has open **Claim No. EVG5521** with Travelers Lloyd and Travelers Indemnity
Company.

**ADMIT:** _____ **DENY:** _____

8. Plaintiff has open **Claim No. 00512018200** with Fireman's Fund and Allianz Global
Corporate and Speciality.

**ADMIT:** _____ **DENY:** _____

9. Plaintiff has a **Claim No. EP12000368** with North American Speciality Insurance Company.

**ADMIT:** _____ **DENY:** _____

10. Plaintiff has open **Claim No. 01464113** with Scottsdale Insurance Company and Nationwide
E &S /Speciality.

**ADMIT:** _____ **DENY:** _____

11. Plaintiff's North American Speciality Insurance Company's Claim was ignored and closed
without an offer of settlement to Plaintiff.

**ADMIT:** _____ **DENY:** _____

12. Plaintiffs' written demand for Commercial Liability and/or Employers Liability Bodily
Injury compensation (Claim No.00512018200, EVG5521, EP12000368 or 01464113) contained
medical records, itemized bills, wage loss documentation, and other written documentation for
all economic damages asserted in Section XXII and XXV of Plaintiffs' Third Amended
Prevailing Petition.

**ADMIT:** _____ **DENY:** _____

8. Plaintiffs' written demand for Commercial Liability and/or Employers Liability Bodily Injury
(Claim No. 00512018200, EVG5521, EP12000368 or 01464113) contained written proof of the
Insurer's liability coverage.

**ADMIT:** _____ **DENY:** _____

9. Plaintiffs' written demand for full relief (Claim No. 00512018200, EVG5521, EP12000368 or

01464113) contained a request for Defendant's to settle their third party claim with Samantha Carter under all policies.

**ADMIT: _____ DENY: _____**

10. Plaintiffs' written demand for full relief (Claim No. 00512018200, EVG5521, EP12000368 or 01464113) contained a demand for tender of all Defendants bodily injury limits within fourteen (14) days of Defendant's receipt of the written demand.

**ADMIT: _____ DENY: _____**

11. Defendants were granted its consent from the Insured to settle the third party claim with Samantha Carter.

**ADMIT: _____ DENY: _____**

12. Defendants were not granted consent to settle the third party claim with Samantha Carter.

**ADMIT: _____ DENY: _____**

13. Defendant conducted a background check into the financial solvency of Samantha Carter.

**ADMIT: _____ DENY: _____**

14. Defendant did not conduct a background check into the financial solvency of Samantha Carter.

**ADMIT: _____ DENY: _____**

15. Defendants did not tender the limits of the policy limits' under their insures bodily injury coverage within fourteen (14) days of receipt of the April 7, 2017 or October 4, 2013 written demand.

**ADMIT: _____ DENY: _____**

16. Defendant's Travelers Lloyd first written response to the April 7, 2017 written demand was a letter dated April 13, 2017.

**ADMIT: _____ DENY: _____**

17. Defendant  Travelers Lloyd received the April 7, 2017 written demand prior to October 17, 2014.

**ADMIT: _____ DENY: _____**

18. Defendants has violated Texas Insurance Code 542.

**ADMIT: _____ DENY: _____**

19. Defendants April 13, 2017 letter requested proof of any thing related to the claim.

**ADMIT: _____ DENY: _____**

20. Defendants have offered a written settlement amount in Federal Case 3:16 CV 01554 N BN since October 17, 2014.

**ADMIT: _____ DENY: _____**

21. Plaintiffs' counsel faxed the certificate of coverage for the motorcycle on January 19, 2010.

**ADMIT: _____ DENY: _____**

22. The certificate of coverage for the motorcycle indicated that there was no underinsured motorist coverage on the motorcycle.

**ADMIT: _____ DENY: _____**

23. Defendant's January 8, 2010 letter requested copies of all explanation of benefits (EOB) forms sent to Plaintiff by her health insurance carrier.

**ADMIT: _____ DENY: _____**

24. Defendant is governed by the statutory provisions of the Texas Insurance Code.

**ADMIT: _____ DENY: _____**

25. Defendant has violated Texas Insurance Code § 541 by delaying payment of Plaintiffs' claim due to a Non-Suited State Case matters.

**ADMIT: _____ DENY: _____**

26. Defendants have requested information from Plaintiff to process a settlement that Plaintiff did not provide.

**ADMIT: _____ DENY: _____**

27. North American Speciality Insurance Company has completely ignored Plaintiff's claim.

**ADMIT: _____ DENY: _____**

28. Defendants do not want to compensate Plaintiff a fair settlement.

**ADMIT: _____ DENY: _____**

29. Scottsdale Insurance failed to pay any medical bills for future therapies or past bills of Plaintiff.

**ADMIT: _____ DENY: _____**

30. Travelers Insurance Claims Manager and Representative stated that the company knew Plaintiff was frustrated that the claim being unclosed, has been going on for years and she was trying to do everything to help close the claim, fairly.

**ADMIT: _____ DENY: _____**

31. You were informed by Plaintiff that this lawsuit was going to be filed.

**ADMIT: _____ DENY: _____**

## "EXHIBIT C"
## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

### FOR ALL DEFENDANTS

1. A true and correct copy of the full and complete policy / contract of insurance that existed between Plaintiffs and Defendant as of the date of the accident made the basis of this lawsuit.

**RESPONSE:**

2. A true and correct copy of the full and complete claims handling files (including files of all claims adjusters, managers, or supervisors) maintained by Defendant with regard to Plaintiffs' underinsured motorist bodily injury claim that is the subject of this lawsuit, including memos, notes, meeting minutes, e-mail communications, or recorded telephone conversations between claims handlers, adjusters, supervisors, etc., with regard to Plaintiffs' claim (excluding any documents prepared in anticipation of lawsuit).

**RESPONSE:**

3. Any and all documents evidencing the existence and amount of any credits or off-sets being claimed by Defendant (whether for personal injury protection (PIP), health insurance benefits, or any other source of insurance or recovery for Plaintiffs).

**RESPONSE:**

4. Any and all claims handling handbooks, manuals, or training materials generated or provided by Defendant to any of the claims adjusters, supervisors, etc. involved in the evaluation of Plaintiffs' claims.

**RESPONSE:**

5. Any and all documents in support of the contention (if applicable) that Plaintiffs failed to comply with any provisions of their policy of insurance with Defendant.

**RESPONSE:**

6. Any and all documents in support of the contention (if applicable) that the co-defendants insured were 100 percent contributorily or comparatively negligent with regard to the accident made the basis of this lawsuit.

**RESPONSE:**

7. Any and all documents in support of the contention (if applicable) that the accident made the basis of this lawsuit was unavoidable, a sudden emergency, or the like.

**RESPONSE:**

8. Any and all documents in support of the contention (if applicable) that the Codefendants were 100 % contributorily or comparatively negligent with regard to the accident made the basis of this lawsuit.

**RESPONSE:**

9. Any and all documents in support of the contention (if applicable) that any of Plaintiff's medical treatment submitted in support of the claim was not necessary.

**RESPONSE:**

10. Any and all documents in support of the contention (if applicable) that any charges or itemized bills for Plaintiff's medical treatment submitted in support of the claim were not reasonable.

**RESPONSE:**

11. Any and all documents in support of the contention (if applicable) that Co-defendants were 10% contributorily or comparatively negligent with regard to the accident made the basis of this lawsuit.

**RESPONSE:**

12. If the response to Plaintiffs' Request for Admission No. 4 is anything other than an unqualified "Admit," any and all documents evidencing Defendant's notification to the Insured's policy that was not in full force and effect as of the date of the accident.

**RESPONSE:**

13. If the response to Plaintiffs' Request for Admission No. 5 is anything other than an unqualified "Admit," any and all documents evidencing Defendant's notification to the Insured's that their premiums were delinquent, unpaid, etc. as of the date of the accident.

**RESPONSE:**

14. If the response to Plaintiffs' Request for Admission No. 3 is anything other than an unqualified "Admit," any and all documents evidencing Defendant's belief that Plaintiff

Samantha Carter is not entitled to recovery beyond $11.1 million.

**RESPONSE:**

15. If the response to Plaintiffs' Request for Admission No. 14 is anything other than an unqualified "Admit," any and all documents evidencing Defendant's background check into the financial solvency of Samantha Carter.

**RESPONSE:**

16. If the response to Plaintiffs' Request for Admission No. 15 is anything other than an unqualified "Admit," any and all documents evidencing Defendant's tender, or agreement to tender, policy limits to Plaintiff.

**RESPONSE:**

17. If the response to Plaintiffs' Request for Admission No. 16 is anything other than an unqualified "Admit," any and all documents evidencing that Defendant made some written response or correspondence to Plaintiffs (or their counsel) prior to  April 13, 2017.

**RESPONSE:**

20. If the response to Plaintiffs' Request for Admission No. 15 is anything other than an unqualified "Admit," any and all documents evidencing Defendant's tender, or agreement to tender, bodily injury and personal injury limits to Plaintiff.

**RESPONSE:**

21. Scottsdale Insurance Company and Nationwide E & S/Speciality have not bothered to offer a settlement to Plaintiff, even after their adjuster stated the Attorneys should have. Please provide why that decision was made.

**RESPONSE:**

22. North American Speciality Insurance Company closed out Plaintiff's claims without compensating her. Please provide why that decision was made.

**RESPONSE:**

**Do not fold or bend**

endicia.com

US POSTAGE AND FEES PAID
FIRST – CLASS
Jul 05 2017
Mailed from ZIP 07079
5oz First–Class Pkg Ovs

Commercial Base Price

**USPS FIRST – CLASS PKG**

0029

071900855810

**F**

Samantha Carter
PO 1960 PMB 134
Wilmington DE 19899

SHIP TO:

US District Court
Northern District Texas Dallas Div
1100 COMMERCE ST
STE 1452
DALLAS TX 75242 – 1310

USPS TRACKING #

9400 1102 0088 1449 2069 62

To:



UPS

S. Store™