IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| SAMANTHA CARTER, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-1816-N-BN |
| | § | |
| TRAVELERS INDEMNITY ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the United States magistrate judge for initial screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. *See* Dkt. No. 18. The Court has granted Plaintiff Samantha Carter's leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 14.

On July 11, 2017, Ms. Carter filed a complaint against Allianz Global Corporate & Specialty, Fireman's Fund Insurance Company, Nationwide E & S/Specialty, North American Specialty Insurance Company, Travelers Indemnity, and Travelers Lloyd of Texas Insurance Company (collectively, "Defendants").

She asserts that the Court has subject matter jurisdiction over this action based on federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.

As the undersigned explained in an August 2, 2017 Notice of Deficiency and Order, the undersigned concludes that "[t]he Court does not have federal question

jurisdiction over this action. A federal court has federal question jurisdiction only if 'a federal question appears on the face of the plaintiff's well-pleaded complaint.'" Dkt. No. 20 at 1-2 (quoting *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011)). Although it is not entirely clear, Ms. Carter appears to bring claims for negligence, negligent infliction of emotional distress, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code and seeks monetary damages and a declaratory judgment. "She does not bring any causes of action that implicate federal law. Nor do these state-law causes of action 'raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Id.* at 2 (quoting *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 543 U.S. 308, 312 (2005)); *see also Poly-America, L.P. v. Stego Industries, L.L.C.*, 694 F. Supp. 2d 600, 604 (N.D. Tex. March 8, 2010) ("the Declaratory Judgment Act does not extend the subject matter jurisdiction of the court beyond the limits delineated in Article III of the Constitution.").

The Court can therefore only exercise subject matter jurisdiction over this case if Ms. Carter successfully establishes that diversity jurisdiction exists.

Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and the parties are completely diverse. *See* 28 U.S.C. § 1332. And the parties are not diverse "if one of the plaintiffs shares the same citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

In the August 2, 2017 Notice of Deficiency and Order, the undersigned explained to Ms. Carter that she had yet to satisfy either requirement because it is unclear:

1. whether she seeks more than $75,000 in damages;

2. the state in which she was a citizen when she filed her Complaint; and

3. the states in which each Defendant was a citizen.

*See* Dkt. No. 20 at 2-3.

At Ms. Carter's request, *see* Dkt. No. 21, the Court clarified that it expected Ms. Carter to explicitly state that she has satisfied each of these requirements, *see* Dkt. No. 22.

Ms. Carter has since filed a Motion for Leave to File Supplemental Pleading that contains a proposed first supplemental complaint that allegedly "repairs the deficienc[ies]" the Court has identified. Dkt. No. 25. The Court should grant her Motion for Leave to File First Supplemental Pleading [Dkt. No. 25] and consider her proposed first supplemental complaint in evaluating subject matter jurisdiction.

In her first supplemental complaint, she makes clear that she purports to seek well over $75,000. *See id.* at 5 (seeking millions from Defendants).

But she has failed to explicitly allege either her citizenship or the citizenship of each of the parties. *See id.* at 6-8. She has also failed to allege facts that would allow the Court to infer the state in which she was a citizen when she filed the Complaint.

Ms. Carter characterizes herself as a "citizen of the United States of America" who "completed the original petition and the first supplemental petition in New

3

Jersey." *See id.* at 6. She also notes that "[n]either defendant is a citizen of the State of New Jersey." *Id.* at 5.

These allegations are insufficient. The undersigned explained to Ms. Carter that she is a citizen in the state where she is domiciled. *See* Dkt. No. 20 at 2 (requiring Ms. Carter to allege "[t]he state in which she was a citizen when she filed her Complaint (that is, the state where she was domiciled the time the Complaint was filed")). The Court also explained that, although "'the place of residence is prima facie the domicile, ... [d]omicile requires the demonstration of two factors: residence and the intention to remain.'" *Id.* (quoting *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011)).

Ms. Carter has only alleged that she was "in New Jersey" when she completed the original petition and the first supplemental petition – not that she intended to stay there or even that she resided there at that time.

Ms. Carter might be diverse from each Defendant in this action. But, in light of her continued failure to meet her burden to establish her citizenship and the opportunities that she has been given to do so, this case should be dismissed without prejudice. *See Evans v. Arkansas Board of Education*, No. 3:01-cv-2229-G, 2002 WL 340785, at *1 (N.D. Tex. Feb. 28, 2002) ("Since the court cannot determine that it has subject matter jurisdiction over the case, this dismissal is without prejudice.").

The Court should therefore also deny without prejudice Travelers Indemnity and Travelers Lloyds of Texas Insurance Company's Motion to Dismiss [Dkt. No. 19] as moot.

## Recommendation

Plaintiff Samantha Carter's Motion for Leave to File First Supplemental Pleading [Dkt. No. 25] should be granted but her claims should be dismissed without prejudice for failure to establish subject matter jurisdiction. Defendants Travelers Indemnity and Travelers Lloyd of Texas Insurance Company's Motion to Dismiss [Dkt. No. 19] should therefore be denied without prejudice as moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 16, 2017

                                        _____
                                        DAVID L. HORAN
                                        UNITED STATES MAGISTRATE JUDGE